IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ERIC TOWET,**

                      **Petitioner,**

     **v.**                                    **CASE NO. 17-3033-JWL**

**IMMIGRATION AND CUSTOMS ENFORCEMENT,**

                      **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241 by a person held at the Butler County Jail, El Dorado Kansas, under an order of removal entered by an immigration court. The order of removal became final on January 19, 2016, and petitioner was taken into custody by agents of the Immigration and Customs Enforcement Agency ("ICE") on May 5, 2016. Petitioner challenges his continuing detention and seeks supervised release pending his removal. The Court finds the present record is sufficient to show that there is no significant likelihood of removal in the reasonably foreseeable future and to shift the burden to respondent to rebut this showing.

**Background**

Petitioner, a native of Kenya, entered the United States on or about August 12, 2009, with an F-1 Student Visa.

On October 2, 2012, he was arrested by the Haysville, Kansas, Police Department for violation of a protection order. On October 4, 2012, ICE issued a Notice to Appear, charging petitioner with removability under INA § 237(a)(1)(C)(i) for violation of his student visa. Petitioner was personally served with a copy of the notice on the same day.

On January 8, 2013, petitioner posted bond and was released from ICE custody. On December 15, 2015, the Immigration Court in Kansas City, Missouri, issued a Notice of Hearing in Removal Proceedings and scheduled a hearing for January 19, 2016. Petitioner received personal notice of the hearing.

On January 19, 2016, petitioner failed to appear at the removal hearing, and the Immigration Judge ordered his removal in absentia. A copy of the order was mailed to petitioner on the same day.

On February 16, 2016, a Warrant of Removal/Deportation was issued due to petitioner's failure to appear at the hearing.

On May 5, 2016, ICE officials took petitioner into custody in Wichita, Kansas, on the Order of Removal entered on January 19, 2016.

On May 27, 2016, petitioner filed a motion to reopen the immigration proceedings. That motion was denied on June 8, 2016. Petitioner filed two additional motions to reopen, and the Immigration Judge denied both motions.

On or about August 5, 2016, petitioner filed an appeal from the denial of his third motion to reopen. The Board of Immigration Appeals ("BIA") dismissed the appeal on October 31, 2016.

Kenyan authorities require a travel document for anyone being removed who does not have a valid passport. On June 13, 2016, Katy Casselle ("Casselle"), a Deportation Officer with the ICE Enforcement and Removal Office in Wichita, Kansas, sent a request for travel documents to the Kenya Consulate in Los Angeles, California.

On July 27, 2016, Casselle sent an e-mail to the consulate concerning the status of the request. The message was returned as undeliverable because the addressee's inbox was full. Casselle also left a voicemail but received no response.

On August 2, 2016, Casselle again sent a status inquiry by e-mail; the message was returned as undeliverable for the same reason. As before, Casselle left a voicemail but received no answer.

On August 2, 2016, Casselle sought assistance from ICE Headquarters ("HQ") to obtain the travel document needed to secure petitioner's removal. Robert Tremont ("Tremont") of ICE HQ advised that the document request remains under review by the Kenya Consulate.

On August 2, 2016, Casselle completed the Post Order Custody Review and found that petitioner should remain in custody due to the pending request for a travel document.

On August 2 and 3, 2016, the field office and field office director recommended that petitioner remain detained, citing his failure to comply with the conditions of his student visa, the order directing his removal, and the pendency of the travel document request.

On August 4, 2016, petitioner received the Decision to Continue Detention.

On August 11, 2016, Tremont advised Casselle that he had met with Embassy personnel, who were looking into petitioner's case.

On October 11, 2016, Casselle e-mailed Tremont for an update on petitioner's case. On October 13, 2016, Tremont responded that the travel document request remained pending.

On October 28, 2016, Casselle prepared the Transfer Checklist for the 180-day Post Order Custody Review and transferred it to Immigration and Customs Enforcement, Enforcement and Removal Office, Headquarters Removal and International Operation (ICE/ERO HQ RIO).

On November 3, 2016, ICE/ERO HQ RIO entered a Decision to Continue Detention. Petitioner received that decision on November 9, 2016.

On December 29, 2016, Casselle e-mailed Tremont seeking an update on the travel document request. Tremont responded that the Embassy official was out of the country until February.

On January 23, 2017, Casselle completed the Transfer Checklist for the 270-day Review and transferred it to the ICE/ERO HQ RIO.

On January 30, the ICE/ERO HQ RIO entered a Decision to Continue Detention. Petitioner received the decision on February 1, 2017.

On February 1, 2017, Casselle spoke by telephone with Evelyn at the Kenya Consulate. Evelyn stated that an application for Emergency Certificate with petitioner's signature was needed. Casselle took the application to petition for his review and signature, and the signed application was mailed to the Consulate.

On March 10, 2017, Casselle and Evelyn spoke by telephone and arranged for a telephone interview with petitioner on March 15, 2017.

Evelyn conducted the scheduled interview on March 15, 2017. On March 17, 2017, Casselle spoke with Evelyn, who stated she might be able to issue the travel document for petitioner within two weeks.

On April 5, 2017, Evelyn advised Casselle that she did not need any additional information and might be able to complete the travel document within the week.

On April 25, 2017, Evelyn stated that she would like to speak with petitioner on the following day and that she might be able to complete the travel document.

Upon her receipt of the travel document, Casselle will transmit it to the ICE travel coordinator. Petitioner's removal is expected to occur within ten to fifteen days of that delivery.

## Discussion

Review in habeas corpus is available only when an individual is

held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The federal district courts have jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *Demore v. Kim*, 538 U.S. 510, 517-18 (2003).

As an alien subject to a final order of removal, petitioner is subject to detention during the removal period under the authority of the Secretary of Homeland Security. 8 U.S.C. §1231.

The statute defines the "removal period" as the 90 days following the entry of a final order of removal. 8 U.S.C. § 1231(a)(1)(A). An order of removal is administratively final upon "a determination by the Board of Immigration Appeals affirming such order." 8 U.S.C. §1101 (a)(47)(B)(i).Generally, the government is required to remove the alien held in its custody within the 90-day removal period. *See* 8 U.S.C. § 1231(a)(1)(A)-(B). However, if the removal cannot be executed during that 90-day period, inadmissible aliens may be "detained beyond the removal period." 8 U.S.C. § 1231(a)(6). Such detention, however, may not be used to detain an alien indefinitely[1]. In *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001), the U.S. Supreme Court held that the detention of a removable alien for up to six months is presumptively reasonable in light of the time required to accomplish removal. *Zadvydas*, 533 U.S. at 701. Beyond that time, if the alien shows that there is "no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence

---

[1] Federal regulations provide for the continuing detention of certain removable aliens despite the absence of any likelihood of their removal in the reasonably forseeable future, namely, those with a highly contagious disease that threatens public health, those detained due to serious foreign policy consequences associated with their release, those who present security or terrorism concerns, and those posing a special danger to the public. *See* 8 C.F.R. § 241.14. However, no such concerns have been identified in petitioner's case.

sufficient to rebut that showing." *Id*. As the length of an alien's detention increases, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*.

Here, petitioner's order of removal became "final" on May 5, 2016. His presumptively valid 6-month period of detention therefore ended on or about November 1, 2016.

While the record shows that ICE personnel have made repeated attempts to contact the Kenya Consulate to obtain the travel documents necessary for petitioner's removal, it does not show that the Consulate has made any real progress toward preparing those documents, despite petitioner's apparent cooperation and despite statements that the documents are forthcoming.

The Court finds that the record is sufficient to shift the burden to respondent to rebut the record and to show that petitioner's removal in the foreseeable future is likely. *See Lewis v. INS*, No. 00CV0758(SJ), 2002 WL 1150158, at *4-5 (E.D.N.Y. May 7, 2002)(directing INS to show that petitioner's removal was likely within 30 days after its agents were unable to obtain travel documents and there was no showing that the Consulate responded to its correspondence). *See also Seretse v. Ashcroft*, 215 F.Supp. 2d 37, 50 (D.C. Cir. 2002)("Respondents have not demonstrated to this Court that any travel documents are in hand, nor have they provided any evidence, or even assurances from the Liberian government, that travel documents will be issued in a matter of days or weeks or even months.").

If respondent fails to rebut the showing that petitioner's removal in the reasonably foreseeable future is likely, then petitioner must be released.

IT IS, THEREFORE, BY THE COURT ORDERED that the respondent shall provide a sufficient rebuttal on or before June 23, 2017. Absent that showing, the petition for habeas corpus will be granted.

**IT IS SO ORDERED.**

DATED: This 26th day of May, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
